IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WIESMUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00566 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| STATE OF TENNESSEE, et al., | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are Plaintiff's motions to seal certain documents and to proceed under a pseudonym. (Doc. Nos. 15, 17, 29, 45). Through the motions, Plaintiff seeks to seal documents related to his domestic court proceedings and to proceed in this case under the pseudonym "John Doe." For the reasons stated herein, the motion to proceed pseudonymously is **DENIED**, and the motions to seal are **GRANTED** in part and **DENIED** in part.

### I. MOTION TO PROCEED UNDER A PSEUDONYM

Plaintiff filed a motion for "Order of Protection – Use of a Pseudonym." Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). When determining whether a plaintiff's privacy interests outweigh the presumptive right of the public to view judicial materials, the Court considers "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (internal quotations omitted). This list

of factors is not exhaustive, and the primary inquiry is whether "a plaintiff's privacy interests *substantially* outweigh the presumption of open judicial proceedings." *Id*. (emphasis added).

Plaintiff contends that the judicial record contains discussions of his mental health and that to disclose his name would subject him to social stigma surrounding mental health diagnoses. Plaintiff further contends that because the Court allowed him to proceed under a pseudonym in a different, related case, it should allow him to do so here.

As an initial matter, the Court notes that Plaintiff was not granted leave to proceed pseudonymously in the previous case. Plaintiff moved to proceed under a pseudonym, but due to the intervening appeal, the issue was never decided. Plaintiff did not file a renewed motion, and the Court did not unseal the record upon dismissing the case. (*See* Case No. 3:18-cv-471). Accordingly, that assertion has no bearing on the Court's decision to allow him to proceed pseudonymously here.

The first *Porter* factor seems applicable to this case. Plaintiff has filed suit against the Government. His claim, however, is one for retaliation, which is generally not found to justify anonymity. *See G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that this factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute"). Plaintiff has not argued this as cause for his desire to proceed pseudonymously. Having reviewed Plaintiff's claims, the Court does not find that this factor weighs in favor of Plaintiff's request.

The second factor seems most applicable. He states that to reveal his identity would subject him to stigma and "mental health related discrimination," particularly in the employment setting (Doc. No. 18 at 2). Presumably, though not specifically argued by Plaintiff, he is arguing that his mental health diagnoses are "of the utmost intimacy." *See id*. The Sixth Circuit has reviewed a

nearly identical argument and found it to be unpersuasive. *See Doe v. Carson*, No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020) ("Doe failed to identify any exceptional circumstances distinguishing her case from other cases brough by plaintiffs claiming disability discrimination who suffer from mental illness.") Accordingly, the Court cannot find that this factor weighs in Plaintiff's favor.

The final factors are not relevant in this case, and so they are, at best, neutral.

Having considered the *Porter* factors and the claims presented, the Court finds that Plaintiff has not overcome the presumption of openness in judicial proceedings. His request to proceed under a pseudonym is **DENIED**.

## II.     MOTIONS TO SEAL

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

Defendant moves to seal certain records in their entirety because they contain his name and the names of his minor children. For the reasons stated above, the Court does not find cause to seal or redact Plaintiff's name. The remaining inquiry is whether it is appropriate to seal the records due to his children's identities. Fed. R. Civ. P. 5.2(a) requires that "the name of an individual known to be a minor" be redacted from documents placed in the judicial record. However, the

standard for sealing demands that the seal be "narrowly tailored." *Shane Group., Inc.*, 825 F.3d at 305–06. Having reviewed the records, the Court finds that they are suitable for redaction. Accordingly, the motions to seal (Doc. Nos. 15, 29, 45) are **GRANTED** in part and **DENIED** in part. Plaintiff may not seal the documents in their entirety but may redact the names and identifying information of his children in accordance with Fed. R. Civ. P. 5.2.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to proceed under a pseudonym (Doc. No. 17) is **DENIED**. The Clerk is directed to update the docket to reflect Plaintiff's name as stated in the caption of this order and unseal the affidavit at Doc. No. 18.

The motions to seal (Doc. Nos. 15, 29, 45) are **GRANTED** in part and **DENIED** in part. Plaintiff is permitted to redact the names and identifying information of his children. The court records filed under seal (Doc. Nos. 16, 30, 46) shall remain under seal, but Plaintiff shall refile the documents with redactions of the names of his children and any personal identifying information, such as social security numbers. Due to the Court's order to show cause, Plaintiff may, if he chooses, wait to file the redacted documents until after the Court has addressed the jurisdiction question.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE