IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WIESMUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00566 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| STATE OF TENNESSEE, et al., | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Christopher Wiesmueller's second lawsuit challenging the rulings, findings, and actions surrounding his divorce from and custody proceedings with Defendant Corrine Oliver and the rulings of various domestic court judges in Dickson County, Tennessee. Generally, Plaintiff brings claims against the State of Tennessee, his ex-wife, and the presiding judge in his underlying domestic court case for alleged violations of state and federal laws and seeks declaratory and injunctive relief and damages.

In Plaintiff's first case, 3:18-cv-471 ("the 2018 case"), he brought claims for violations of his rights under 18 U.S.C. § 1983, claims under the Americans with Disabilities Act, and state law claims for abuse of process. Plaintiff additionally brought claims for declaratory and injunctive relief. While the 2018 case was pending, Plaintiff filed this lawsuit, alleging violations of his rights under 18 U.S.C. § 1983 and bringing claims under the Americans with Disabilities Act and various state laws. The Court notes that although certain named Defendants differ between these cases, their roles as presiding judge in his domestic case appear to be the same. Other named Defendants—the State of Tennessee and Corrine Oliver—remain the same. The 2018 case has been dismissed for lack of jurisdiction. (*See* Case No. 3:18-cv-471).

Having reviewed the Complaint, the Court finds that the claims raised are substantially the same as those in the 2018 case such that Plaintiff is **ORDERED** to **SHOW CAUSE** why his claims should not be dismissed for lack of jurisdiction, as in the previous case. Pending resolution of this question, the motions to dismiss (Doc. Nos. 23, 33) and Plaintiff's Motion to Require Tennessee Attorney General Appearance (Doc. No. 37) are **DENIED** without prejudice to refiling.[1]

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that the State's pending motion raises several jurisdiction questions; it does not address the relationship between this case and the 2018 case, the resolution of the 2018 case, or Plaintiff's recent filing of a new order in Plaintiff's domestic case. (Doc. No. 46). Ruling on the motion as filed will not address the Court's specific concerns regarding jurisdiction in light of the rulings in the 2018 case.