IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. WIESMUELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00566 |
| | ) |
| STATE OF TENNESSEE, et al., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) |

## ORDER

Pending before the Court are Plaintiff's objections (Doc. Nos. 54, 55) to the Magistrate Judge's Memorandum Order (Doc. No. 53) granting in part and denying in part Plaintiff's motion for leave to amend and supplement his complaint in this matter. Specifically, the Magistrate Judge: (1) granted Plaintiff's motion to amend his original complaint to remove all claims against Defendant Oliver; and (2) denied Plaintiff's motion to amend and supplement the claims against any other defendants. For the reasons addressed below, the Magistrate Judge's Memorandum Order (Doc. No. 53) is **AFFIRMED**.

The Court will reverse or modify a non-dispositive ruling from the Magistrate Judge only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). For questions of law, there is no practical difference between review under the contrary-to-law standard, of the rule governing magistrate judges, for nondispositive matters and review under the rule's *de novo* standard for dispositive motions. *Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 562 (S.D. Ohio 2020) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)).

Here, Plaintiff's proposed amended and supplemental claims under Title II of the ADA and Section 504 of the Rehabilitation Act against Dickson County Chancery Court Judge Suzanne Lockert-Mash and Dickson County Senior Judge Roy Morgan are futile because the judges'

respective allegedly retaliatory and/or discriminatory acts – granting a protective order against Plaintiff and denying Plaintiff's motions for a change in custody and for post-judgement relief (Doc. No. 51-1 ¶¶ 66, 58) – were taken in their official judicial capacities. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("all of a judge's actions taken in an official judicial capacity are immune from suit."). The nature and function of ruling on a party's motion is one of the most general functions normally performed judges. *See Mireles v. Waco*, 502 U.S. 9, 13 (1991) (courts look to particular act's relation to general nature and function of actions normally performed by judge to determine whether the actions were taken in judicial capacity); *Forrester v. White*, 484 U.S. 219, 227 (1988) ("When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial."). Accordingly, Plaintiff's objections #2, # 3, #5, and #6 are overruled and the Court affirms the Magistrate Judge's conclusions that the proposed amended/supplemented Counts 1, 2, 3, and 4 are futile.

Plaintiff's proposed amended failure-to-train claims under Title II of the ADA and Section 504 of the Rehabilitation Act are also futile because failure-to-train is not a cognizable claim under Title II of the ADA. *Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005);[1] *see, e.g.*, *Roell v. Hamilton Cnty., Ohio/Hamilton Cnty. Bd. of Cnty. Commissioners*, 870 F.3d 471, 488 (6th Cir. 2017) ("Two types of claims are cognizable under Title II [of the ADA]: claims for intentional discrimination and claims for a reasonable accommodation."); *Sears v. Bradley Cnty. Gov't*, 821 F. Supp. 2d 987, 991 (E.D. Tenn. 2011) (failure to supervise is not a viable theory for a Title II

---

[1] Specifically, the Sixth Circuit has held that a city's failure to train its employees about the ADA affected all disabled persons, not just the plaintiff, such that the plaintiff could not demonstrate that the city intentionally discriminated against the plaintiff specifically by failing to train its employees on the ADA. *See Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005).

ADA claim). As courts in the Sixth Circuit interpret claims under Title II of the ADA and the Rehabilitation Act together, *Bennett v. Hurley Med. Ctr.*, 86 F.4th 314, 323 (6th Cir. 2023),[2] failure-to-train is also not a cognizable claim under the Rehabilitation Act. *See e.g.*, *Kirchner v. Tennessee*, No. 3:14-CV-63-PLR-CCS, 2015 WL 13672464, at *2 (E.D. Tenn. June 4, 2015) ("plaintiff's claims under the ADA and RA for failure to train are also without merit"). Accordingly, Plaintiff's remaining objections are overruled, and the Court affirms the Magistrate Judge's conclusion that the proposed amended/supplemented Counts 5 and 6 are futile.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This is because "the language of the two statutes materially differs in only two ways." *Id*. "First, the Rehabilitation Act applies only to federally funded, rather than 'public' entities." *Id.* at 324 (citation omitted). "Second, the Rehabilitation Act requires that discrimination occur 'solely by reason of' the plaintiff's disability, whereas the ADA requires that it occur 'because of' the plaintiff's disability.'" *Id*.

3