IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. WIESMUELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00566 |
| | ) |
| STATE OF TENNESSEE, et al., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) |

## ORDER

In 2016, Plaintiff relocated from Wisconsin to Tennessee with his now ex-wife and three young children. (Complaint, Doc. No. 1). By January 2018, Plaintiff's marriage had deteriorated to such a point that he temporarily went to stay with his in-laws. (*See* Doc. No. 1 ¶ 28 in Case No. 3:18-cv-01257). Plaintiff wanted to return home on January 31, 2018, but his wife disagreed and a loud confrontation between them ensued on his in-laws' front lawn. (*See id*. at ¶¶ 30-31). Plaintiff was subsequently hospitalized for four days for major depression and suicidal ideation.[1]

In March 2018, Plaintiff's wife filed for an order of protection for herself and their children in the Dickson County, Tennessee, General Sessions Court, which Judge Craig Monsue granted. Meanwhile, Plaintiff filed for a divorce in the Dickson County Chancery Court, petitioned the Chancery court to review Judge Monsue's protective order, moved for a protective order for himself, and moved for temporary custody and visitation of the children.

---

[1] The remaining facts are from Docket Entries 126 and 167 in Case No. 3:18-cv-00471.

In April 2018, the divorce case came before Judge David Wolfe for a hearing on temporary visitation during which Judge Wolfe limited Plaintiff to two hours of supervised visitation with his children every two weeks and ordered Plaintiff to undergo a mental health evaluation.

In May 2018, Plaintiff filed a complaint in this court against the State of Tennessee, the Tennessee Governor, the Tennessee Attorney General, and the Tennessee Court Administrator seeking declaratory and injunctive relief barring the courts of Tennessee from considering a parent's mental or physical disability as a factor in custody and visitation determinations. (*See* Doc. No. 1 in Case No. 3:18-cv-00471 (the "2018 Action")). Judge Wolfe held another temporary visitation hearing in August 2018 but declined to hear from Plaintiff's witnesses and continued the hearing pending receipt of a family evaluation. (*See id.*).

In October, Plaintiff amended his complaint in the 2018 Action by adding his wife and her divorce attorney and her divorce attorney's law firm, Judge Monsue, Judge Wolfe, the Dickson County Chancery Court, and the Dickson County General Sessions Court as parties, alleging they and the State of Tennessee, the Tennessee Governor, the Tennessee Attorney General, and the Tennessee Court Administrator deprived him and his children their right to visitation in violation of the Fourteenth Amendment, state law, and Title II of the ADA. (*See* Doc. No. 23 in the 2018 Action). He sought declaratory and injunctive orders voiding the General Session Court's no-contact order and restoring his parental rights. (*See id.*). He also sought monetary damages under the ADA. (*See id.*).

The undersigned ultimately dismissed the 2018 Action without prejudice for lack of jurisdiction, which the Sixth Circuit affirmed. (*See* Doc. Nos. 117, 126, 160, 167 in the 2018 Action). In pertinent part, the Sixth Circuit determined that Plaintiff's claims seeking declaratory and injunctive orders voiding the General Session Court's no-contact order and restoring his

2

Case 3:22-cv-00566    Document 62    Filed 09/09/25    Page 2 of 5 PageID #: 453

parental rights were moot because the no-contact order was no longer in effect. *See Doe, 18-471 v. Tennessee*, No. 19-6019, 2020 WL 13563746, at *2 (6th Cir. Sept. 18, 2020) ("This means he no longer has a legally cognizable interest at stake in the outcome of these claims, and we must dismiss them as moot.") (cleaned up, internal quotations omitted). And it further determined that "the district court correctly concluded that the defendants were entitled to sovereign immunity on Doe's Title II claims" because Plaintiff "failed to plead a Title II violation against Judge Wolfe." *See Doe v. Tennessee*, No. 24-5280, 2024 WL 5498154, at *4-5 (6th Cir. Oct. 28, 2024) ("…Doe's amended complaint does not show that Judge Monsue based his decisions on stereotypes and generalizations about Doe's mental health … Judge Monsue based his protection and no-contact order on the conclusion that Doe committed domestic abuse, not because of any disability."), *cert. denied*, No. 24-1064, 2025 WL 1549794 (U.S. June 2, 2025).

Meanwhile, in June 2021, Plaintiff filed an action in the Sumner County Juvenile Court alleging that his ex-wife was not properly caring for their children's medical needs. (Doc. No. 1 ¶ 17). Plaintiff's ex-wife subsequently sought an order of protection against Plaintiff on behalf of herself and their children based on allegations that Plaintiff had engaged in an argument with his second wife in front of one of their children and that Plaintiff had sent his ex-wife a series of text messages she deemed abusive and harassing. (*Id*. ¶¶ 18-19). Dickson County Chancery Court Judge Suzzane Lockert-Mash held an evidentiary hearing, found that the text messages constituted a pattern of harassment constituting stalking under state law, and granted Plaintiff's ex-wife an order of protection against him on July 30, 2021. (*Id*. ¶¶ 21-32).

Almost a year later, on July 29, 2022, Plaintiff filed the present lawsuit against his ex-wife, the State of Tennessee, and Judge Lockert-Mash seeking injunctive and declaratory relief from the state court order of protection entered against him on July 30, 2021, as well as monetary damages

3

under Title II of the ADA based on a retaliation theory of liability. (Doc. No. 1). That order of protection was dismissed in January 2023. (*See* State Court Order dated January 25, 2023, Doc. No. 46 at 1-2 ("The Order of Protection granted to Corrine Oliver against Christopher Wiesmueller on July 30, 2021 and her subsequent petition to extend is hereby Dismissed.")).

In March 2023, the undersigned noted that "although certain named Defendants differ between these cases, their roles as presiding judges in his domestic case appear to be the same. Other named Defendants – the State of Tennessee and Corrine Oliver – remain the same. The 2018 case has been dismissed for lack of jurisdiction." (Doc. No. 48). The Court ordered Plaintiff to show cause why his claims in this case should not also be dismissed for lack of jurisdiction.

In his response to the show cause order, Plaintiff stated that he did not understand how *res judicata* could apply. (*See* Doc. No. 50 ("Given the procedural posture of 18CV471, Plaintiff is confused how the Court could view it as fully and fairly litigated, such that the outcome there should apply hereby *res judicata*. Plaintiff in this case has not had a magistrate order to appeal to the District Court Judge.")). Plaintiff concluded his response to the show cause order by noting that some of his claims "are now moot." (*Id*.). He subsequently moved for leave to amend "to remove[] all prior claims, except what was Claim #3 and renumber it as Claim #1, due to either mootness or resolution with Defendant, Corrine Oliver." (Doc. No. 51). Judge Newbern granted Plaintiff's motion to amend as to dropping his claims against his ex-wife but denied the motion in all other respects, which the undersigned affirmed. (Doc. Nos. 53, 59).

Accordingly, Plaintiff's only remaining claims in this matter are against the State of Tennessee and Judge Lockert-Mash for the allegedly unlawful July 2021 order of protection, which has not been in effect for over two years. And Plaintiff has failed to show cause for why this matter should not be dismissed for lack of subject-matter jurisdiction like the 2018 Action. First, as

Plaintiff appears to concede, his claims seeking injunctive and declaratory relief from the July 2021 order of protection are moot because that order of protection is no longer in effect.

Second, Plaintiff's allegations in the complaint do not show that Judge Lockert-Mash entered the July 2021 order of protection to retaliate against Plaintiff for engaging in conduct protected under the ADA. Rather, Plaintiff alleges Judge Lockert-Mash entered the July 2021 order of protection on her finding that Plaintiff's "text messages constituted a pattern of harassment constituting stalking under state law." (Doc. No. 1 ¶ 32). And although Plaintiff denies that he stalked his ex-wife, (*see id.* ¶ 49), this Court does not have jurisdiction to review Judge Lockert-Mash's contrary findings. *See Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024). Because Plaintiff has failed to plead a Title II violation against Judge Lockert-Mash, she and the State are entitled to sovereign immunity on Plaintiff's Title II claims. *See Doe v. Tennessee*, No. 24-5280, 2024 WL 5498154, at *3–5 (6th Cir. Oct. 28, 2024).

For the foregoing reasons, this matter is hereby **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE